UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-cv-20782-MARTINEZ/GOODMAN

DENNIS MONTGOMERY,

        Plaintiff,

v.

JAMES RISEN et al.,

        Defendants.

_____/

**DEFENDANTS' NOTICE OF POSITION ON MATTERS RAISED IN PLAINTIFF'S EMERGENCY MOTION FOR STATUS CONFERENCE**

In advance of the status conference scheduled for April 14, 2015, ECF No. 15, Defendants James Risen ("Risen"), Houghton Mifflin Harcourt Publishing Company, and Houghton Mifflin Harcourt Company ("HMHC") (collectively, "Defendants"), state below their position on the matters raised in Plaintiff Dennis L. Montgomery's Emergency Motion for Status Conference (the "Motion"), ECF No. 9.

By the Motion, Plaintiff sought a status conference to "discuss methods of expediting this lawsuit at the earliest practicable date to ensure that crucial information in the form of Plaintiff's testimony is not lost as a result of his failing health." Pl.'s Mot. Status Conf. 1. Although Defendants are sympathetic about Plaintiff's cited concerns, Defendants have filed two motions raising case-dispositive challenges to this action. *See* Defs.' Mot. to Dismiss or Transfer, ECF No. 25; Defs.' Special Mot. to Dismiss Compl. Under D.C. Anti-SLAPP Statute, ECF No. 26. By these motions, Defendants have requested that the Court grant the following relief:

- Dismiss or transfer this action to the U.S. District Court for the District of Columbia for lack of personal jurisdiction over Risen and HMHC under Federal Rule of Civil Procedure 12(b)(2),

- Dismiss or transfer this action for improper venue under Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a),

- Transfer this action under 28 U.S.C. § 1404(a), or

- Dismiss the complaint with prejudice under Federal Rule of Civil Procedure 12(b)(6).

- If the Court does not grant any of the relief requested in Defendants' Motion to Dismiss or Transfer, then the Court should grant the relief requested in Defendant's Special Motion to Dismiss Under the D.C. Anti-SLAPP Statute.

Defendants believe that any expediting of this action is dependent on the Court's resolution of the Motion to Dismiss or Transfer or the Special Motion to Dismiss Under the D.C. Anti-SLAPP Statute. Further, Defendants do not believe that any discovery should occur before the resolution of these motions. *See World Holdings, LLC v. Fed. Rep. Ger.*, 701 F.3d 641, 655 (11th Cir. 2012) ("Because a facial challenge to the legal sufficiency of a claim raises only questions of law, 'neither the parties not the court have any need for discovery before the court rules on the motion.'" (quoting *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997))); *Scroggins v. Air Cargo, Inc.*, 534 F.2d 1124, 1133 (5th Cir. 1976) ("We have constantly emphasized the broad discretion which a district judge may properly exercise in discovery matters…. [W]e see no possible abuse of discretion in the order staying general discovery ….").[1] Indeed, under the District of Columbia's Anti-SLAPP Act of 2010, which Defendants contend applies to this action, *see* Defs.' Special Mot. to Dismiss 6, a presumptive stay of discovery applies, *see* D.C. Code. § 15-5502(c).

Additionally, the Court has entered an order governing how the parties to this action should proceed with regard to scheduling. *See* Order Requiring Parties to Meet & File J. Scheduling Report & Proposed Order & Directing Parties to File Certificates of Interested

---

[1] Defendants likewise oppose jurisdictional discovery. Courts have wide latitude in denying jurisdictional discovery where a plaintiff, like Montgomery, has failed to make out a prima facie case for jurisdiction. *See Vision Media TV Grp., LLC v. Forte*, 724 F. Supp. 2d 1260, 1267 n.3 (S.D. Fla. 2010).

Parties (the "April 1 Order"), ECF No. 16. As required by the April 1 Order, counsel for the parties will meet to accomplish the items listed therein, including to "determine the appropriate case management track for the action" and to "develop a case management plan which sets deadlines" for the case. April 1 Order ¶ 4. Defendants do not believe that modifying these requirements is appropriate, given the complexities of this case and that Plaintiff himself has "anticipated" that this action could take "5 days of trial." Pl.'s Mot. Status Conf. 2. This length of trial requires a standard, and not an expedited, case-management track. *See* S.D. FLA. L.R. 16.1(a)(2)(B).

Finally, it is simply unrealistic to expect that either the parties or the Court would be able now to anticipate—and much less resolve—the myriad issues that may arise during the course of this action.

In sum, although Defendants are sympathetic about Plaintiff's cited concerns and will be prepared to address them and any other scheduling or case-management matter at the April 14 status conference, expediting this action is dependent on the Court's resolution of the Defendants' case-dispositive motions. The parties should therefore comply with the April 1 Order, and address during the course of this action any concerns as they may (or may not) arise.

Dated: April 13, 2015				Respectfully submitted,

s/Brian W. Toth
Sanford L. Bohrer
Florida Bar No. 160643
sbohrer@hklaw.com
Brian W. Toth
Florida Bar No. 57708
brian.toth@hklaw.com
HOLLAND & KNIGHT LLP
701 Brickell Avenue, Suite 3300
Miami, Florida 33131
Telephone: (305) 374-8500
Fax: (305) 789-7799

– and –

Laura R. Handman (admitted *pro hac vice*)
laurahandman@dwt.com
Micah J. Ratner (admitted *pro hac vice*)
micahratner@dwt.com
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Ave., NW, Suite 800
Washington, D.C.  20006
Tel.: (202) 973-4200
Fax: (202) 973-4499

*Counsel for Defendants*

### CERTIFICATE OF SERVICE

I certify that on April 13, 2015, I filed this document with the Clerk of Court using CM/ECF, which will serve this document on all counsel of record.

					s/Brian W. Toth