**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 15-20782-CIV-MARTINEZ/GOODMAN**

DENNIS L. MONTGOMERY,

     Plaintiff,

v.

JAMES RISEN, et al. ,

     Defendants.

_____/

**<u>ORDER ON PLAINTIFF'S MOTION FOR ORDER TO "SHOW CAUSE"</u>**

United States District Judge Jose E. Martinez referred [ECF No. 46] to the Undersigned Plaintiff's Motion for Order to Show Cause for Defendants to Produce Documents Pursuant to the Court's Scheduling Order of April 1, 2015 (the "Motion"). [ECF No. 45]. Defendants filed a response in opposition [ECF No. 51] and Plaintiff filed a reply [ECF No. 58]. The Undersigned held a hearing on May 27, 2015 (the "Hearing"). [ECF No. 59].

The scenario leading up to the motion began on April 1, 2015, when Judge Martinez issued an order that, in pertinent part (hereinafter referred to as "paragraph 4"), directed the parties as follows:

    4.     Counsel for the parties and *pro se* litigants shall meet in person for a scheduling conference at least **twenty one (21) days** prior to the date the above Joint Proposed Scheduling Order is due. At this conference, the parties **shall** accomplish the following: (1) determine the appropriate case management track for the action; (2) exchange documents and witness lists in compliance with Local Rules 16.1B; (3) develop a case management

plan which sets deadlines in compliance with paragraphs A, B, and C of this Order; and (4) discuss settlement, in good faith, after reviewing the opposing parties' disclosed documents and witness lists in compliance with Local Rule 16.1B(1).

[ECF No. 16, ¶ 4 (emphasis in original)].

The parties held the required in-person scheduling conference on April 14, 2015 [ECF No. 51, pp. 1-2], but no documents or witness lists were actually exchanged at that conference. However, the parties agreed at the conference to comply with the Local Rules and to make initial disclosures by April 24, 2015. Plaintiff, who is pursuing a defamation claim here, alleges that Defendants then refused to produce certain documents that, Plaintiff contends, paragraph 4 requires them to turn over.

Defendants, however, assert that paragraph 4 imposes no such requirement, because the rule referred to in paragraph 4 -- Local Rule 16.1B(1) -- no longer exists. Therefore, under Defendants' interpretation of the Order, the parties need only follow the mandates established by Federal Rule of Civil Procedure 26 concerning initial disclosures -- and that rule permits a party to provide mere descriptions of documents and where they can be found. Accordingly, Defendants assert that, in order to receive the demanded documents, Plaintiff must propound a formal request for production, a step which both parties acknowledged at the Hearing had not yet been taken.

Plaintiff did (*after* the scheduling conference required by paragraph 4) produce to Defendants certain documents that he claims are required by paragraph 4. In other words, Plaintiff implicitly argues that *his* compliance with paragraph 4  -- producing 64

pages of documents -- supports his theory that Defendants must also comply. But Defendants' response to the Motion argues that Plaintiff had *not* complied fully with paragraph 4, asserting that Plaintiff's disclosure of "60 pages" of documents was certainly incomplete. Defendants point to some of the things they say Plaintiff will need to establish at trial -- such as the falsity of the statements, which they claim must be done by demonstrating that certain software alleged to be bogus actually works and providing governmental reports analyzing the software -- and argue that his "initial disclosure documents" did not include any of these things. Therefore, Defendants argue, "if anyone has failed to provide initial disclosures, it is *Plaintiff.*"

Nevertheless, in response to specific questions from the Undersigned, Plaintiff's counsel repeatedly and unequivocally represented to the Court that the **64 pages** of documents that had been produced are in fact all the documents Plaintiff will be relying on for his claim and are all the documents he has to produce in connection with paragraph 4. On more than one occasion, in response to the Undersigned's questions, Plaintiff's counsel reiterated that he would not, other than documents used for impeachment or documents which Defendants or third parties might produce in the future, rely upon any other documents at trial or in any other phase of the case (i.e. summary judgment). [ECF No. 59]. Accordingly, Plaintiff argues that Defendants now have all his responsive documents (i.e., 64 pages) and that since he complied with Judge Martinez's Order, so should Defendants.

The parties agree, as they must, that Local Rule 16.1B(1) no longer is part of the local rules. Consequently, they dispute what Judge Martinez actually intended in paragraph 4 when he mentioned "compliance with Local Rule 16.1B(1)."

Under Plaintiff's interpretation, Defendants are violating a Court Order by providing only descriptions and locations of documents at this stage (i.e. the "initial disclosure" stage, prior to a formal request for production) and not the documents themselves.[1]

Meanwhile, Defendants claim to be directly following the parameters of Federal Rule of Civil Procedure 26 by providing what they have (and descriptions of the documents and their locations), and that they are under no obligation to produce anything else until Plaintiff propounds a formal request for production of documents.

At the Hearing, both parties acknowledged that they recognized the ambiguity over the existence and meaning of "Local Rule 16.1B(1)" approximately 10 days before the agreed date to make initial disclosures; however, no party filed any motion

---

[1]     Plaintiff claims that Judge Martinez's instructions that the parties engage in settlement discussion at the conference *after* reviewing the opposing party's documents and witness lists is evidence of Judge Martinez's true intent that actual documents -- and not merely descriptions and locations of documents -- be produced. The Undersigned notes however, that even Plaintiff did not technically comply with this aspect of the Order, because Plaintiff's 64 pages of documents were produced *after* the April 14, 2015 in-person scheduling conference (which means that settlement discussions based on those documents could not have been engaged in at the conference).

requesting clarification or other relief to resolve the conflicting interpretations (until Plaintiff filed the present Motion after the fact).[2]

At the outset, the Undersigned recognizes that, at present, there is no rule labeled as Local Rule 16.1B(1) in the Southern District of Florida. While there is other text in paragraph 4 to provide ample fodder for conjecture as to what was actually and privately intended by reference to that rule, the Undersigned is not in a position to project any specific meaning to that text. Accordingly, the Court will not enter the thorny thicket of hazarding a guess as to what Judge Martinez had in mind when he mentioned in paragraph 4 that now-non-existent subsection of the Local Rules.

Both parties ask the Undersigned to adopt their interpretation of the April 1, 2015 Order, urging that their take alone provides the true intent underlying paragraph 4. But the Undersigned is not prepared, at least not on this record, to discern Judge Martinez's true intent by reaching inferences from other language in the Order or from the overall circumstances. If the parties wanted to obtain Judge Martinez's actual intent about the succinct reference to a non-existent local rule, then they could have sought clarification. They did not, and the Undersigned is not prepared to engage in speculative guessing games.

---

[2]    Plaintiff's counsel claims that he sought clarification by contacting Judge Martinez's law clerk by telephone and seeking to join Defendants' counsel on the same call (a request which Defendants' counsel allegedly refused). However, no official, on-the-record request (i.e. *motion*) for clarification was made by either party.

Nevertheless, in accordance with the unique circumstances presented in this case, namely the aggressive trial schedule [ECF No. 48][3] and Plaintiff's repeated, unequivocal representations that he already produced all of the documentation he will rely upon in this case (other than impeachment exhibits and documents which might be produced by Defendants or third parties in the future), the Court directs Defendants to produce all of the unprivileged documents that they identified and described in their initial disclosures (made under Federal Rule of Civil Procedure 26).

Courts are accorded "broad discretion over the management of pre-trial activities, including discovery and scheduling." *Johnson v. Bd. of Regents of Univ. of Georgia*, 263 F.3d 1234, 1269 (11th Cir. 2001). *See also Chudasama v. Mazda Motor Corp.*, 123

---

[3]     Plaintiff filed his lawsuit on February 24, 2015. [ECF No. 1]. On March 24, 2015, he filed an emergency motion for a status conference [ECF No. 9], explaining that he is "not in good health," had undergone "surgery for a brain aneurism on May 16, 2014 and suffered multi-infarct strokes which complicated the surgery. In his emergency motion, Plaintiff said he "wishes to avoid the scenario where an unexpected health complication would take his life before the time of trial, or render him unable to testify at trial."

The Court (i.e., Judge Martinez) held the status conference on April 14, 2015 [ECF No. 30]. At the end of the hearing, Judge Martinez advised that he would "do [his] best to get to the case as expeditiously as possible." However, he also noted that he was not going to "fast track" the case. Judge Martinez reminded the parties about the criminal docket and summarized his view by saying, "You've gotten my attention on this case already and I will move forward with it." [ECF No. 36, p. 20].

On May 5, 2015, Judge Martinez issued a trial scheduling order [ECF No. 48]. Among other deadlines, the order established an August 3, 2015 deadline for exchanging expert witness reports, a **September 16, 2015** deadline for completing all discovery and a **trial** calendar beginning **November 30, 2015.** Thus, the parties have less than four months to begin and complete all discovery.

F.3d 1353, 1366 (11th Cir. 1997) ("district courts enjoy broad discretion in deciding how best to manage cases before them"); *United States v. McCutcheon*, 86 F.3d 187, 190 (11th Cir. 1996) (noting the "broad discretion which is allowed a trial court to manage its own docket").

In the present case, Plaintiff represented to the Court that he suffers from a debilitating medical condition and that it is especially important for this case to move forward at an accelerated pace. Judge Martinez established an aggressive timeline for this case, closing discovery approximately four months after the entering of the scheduling order and scheduling trial to commence two months after that date. [ECF No. 48]. Given these circumstances, as well as Plaintiff's flat-out representation that he has already produced to Defendants all the documentation that he will put forth himself in this case, pursuant to the broad powers over discovery and case management accorded to the district courts, Defendants shall, by June 4, 2015, produce all of the non-privileged documents identified in their initial disclosures.

To avoid any confusion about this order, the Undersigned is not granting or denying the motion for a show cause order, as the motion would require me to determine whether the Defendants violated an Order which is inherently ambiguous. Instead, the Undersigned is simply entering an order on the discovery timetable. Therefore, the motion will be administratively closed or terminated, without an

affirmative ruling on the "show cause" motion and without a prevailing party. Without a prevailing party, there will be no award of attorney's fees and/or costs.

Given the nature of the relief granted here, the Undersigned emphasizes that this ruling expressly relies upon Plaintiff's unequivocal concession that he will not rely upon, at trial or in any other phase of the case, any further documentation in his possession other than the 64 pages he already produced.[4]

**DONE AND ORDERED** in Chambers, at Miami, Florida, May 28, 2015.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Hon. Jose E. Martinez
All counsel of record

---

[4]     Plaintiff's counsel also similarly advised that he would not seek to introduce any exhibits other than the 64 pages already produced (other than impeachment exhibits and documents which might be produced by Defendants or third parties). Plaintiff's counsel explained that his strategy about how to handle the trial is significantly different than Defendants' approach. Apparently, Plaintiff is adopting the "less-is-more" approach to this case and this trial, as he will not be relying upon any documents other than the 64 pages already produced to prove his claim.