UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division
**Case Number: 15-20782-CIV-MARTINEZ-GOODMAN**

DENNIS L. MONTGOMERY,
    Plaintiff,

vs.

JAMES RISEN, *et al.*,
    Defendants.
_____/

## ORDER GRANTING MOTION TO TRANSFER

THIS CAUSE came before the Court Upon Defendants' Motion to Dismiss or Transfer for Lack of Personal Jurisdiction over Risen and Houghton Mifflin Harcourt Company, Dismiss Or Transfer For Improper Venue, Transfer Under 28 U.S.C. § 1404(a), Or Dismiss For Failure To State A Claim (the "Motion") [ECF No. 52]. Plaintiff has filed a response [ECF No. 63] and Defendants have filed a reply [ECF No. 77]. Defendants have also filed a notice of supplemental authority [ECF No. 119]. After careful consideration, and for the reasons set forth below, the court grants the motion to transfer pursuant to 28 U.S.C. § 1404(a).

Plaintiff sued Defendants for common law defamation per se (libel and slander), general defamation (libel and slander), defamation by implication (libel and slander), intentional infliction of emotional distress, tortious interference with prospective advantage, and assault. [ECF No. 44]. Plaintiff's claims are based on Defendant James Risen's book *Pay Any Price* (the "Book"). Chapter 2 of the Book (the "Chapter") focuses on Plaintiff.

In their Motion, Defendants assert, among other things, that this Court should transfer the action to the District of Columbia "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). The purpose of transfer under § 1404(a) is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against

unnecessary inconvenience and expense. *See Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). Transfer is within "the broad discretion of the trial court." *Meterlogic, Inc. v. Copier Solutions, Inc.*, 185 F. Supp. 2d 1292, 1299 (S.D. Fla. 2002). Courts generally apply a two-part test: "(1) whether the action 'might have been brought' in the proposed transferee court and (2) whether various factors are satisfied so as to determine if a transfer to a more convenient forum is justified." *Id.* at 1299. Such factors "include the convenience of the parties, the convenience of the witnesses, the relative ease of access to sources of proof, the availability of service of process to compel the presence of unwilling witnesses, the cost of obtaining the presence of witnesses, the public interest, and all other practical problems that make trial of the case easy, expeditious, and inexpensive." *Id.* at 1300.

While focusing on the Southern District of Florida being a proper venue in his response to the Motion, Plaintiff does not appear to challenge Defendants' assertion that the District of Columbia is also a proper venue. In his Declaration attached to the Motion, Defendant Risen states that he conducted much of the newsgathering for the Chapter about Plaintiff in Washington, D.C. [ECF No. 52-1]. He notes that he interviewed sources located in the Washington, D.C. area. *Id.* Defendant Risen points out that many of the past and current government officials who have knowledge of Plaintiff, his intelligence information and his reputation, and who were either interviewed or otherwise referenced in the Chapter about Plaintiff, are currently, to the best of Defendant Risen's knowledge, located in or within a 100-mile radius of Washington, D.C. *Id.* Based on these representations, the Court agrees with Defendants that the District of Columbia is also a proper venue for this case, because a substantial part of the events or omissions giving rise to the claims occurred there. *See* 28 U.S.C. § 1391(b)(2); *Mesa Underwriters Specialty Ins. Co. v. Hembree Consulting Servs., Inc.*, 2015 WL 5826848, at *2 (S.D. Fla. Oct. 2, 2015) (venue can be proper in more than one district).

Defendants assert that the interests of justice and the convenience of witnesses and parties strongly support transfer. With respect to the convenience of the parties, Defendants argue that since they are all located outside Florida, they will be inconvenienced by being forced to litigate this case in Florida. [ECF No. 52 at 34]. Defendant Risen states that he resides in a Maryland suburb of D.C. and works for the *New York Times* in its D.C. bureau. [ECF No. 52-1]. Defendants note that, while Plaintiff claims that he is a Florida resident, facts revealed during discovery demonstrate that Plaintiff was, and is, domiciled in Washington State. [ECF No. 119]. Based on these points, the Court finds that the "convenience of the parties" factor weighs in favor to the District of Columbia. *See Cellularvision Tech. & Telecomms., L.P. v. Alltel Corp.*, 508 F. Supp. 2d 1186, 1189 (S.D. Fla. 2007) ("where a plaintiff has chosen a forum that is not its home forum, only minimal deference is required, and it is considerably easier to satisfy the burden of showing that other considerations make transfer proper").

With respect to witnesses, Defendants argue that the convenience of third-party witnesses strongly favor transfer to the District of Columbia. Defendants point out that aside from Plaintiff and his wife, only four out of 48 of Plaintiff's other possible witnesses reside in Florida. [ECF No. 119, Exhibit 8]. Defendants further state that none of their witnesses are in Florida and most witnesses on the parties' lists are in subpoena range of the District of Columbia. [ECF No. 119, Exhibit 9]. Moreover, Defendants note that in response to an interrogatory to list all persons with "knowledge or information pertaining to any fact in the Amended Complaint or any fact underlying the subject matter of this action," Plaintiff listed 16 persons – not one of whom is in Florida, while 13 are in the District of Columbia area. [ECF No. 119 at 2]. Based on these assertions, the Court finds that the convenience of the witnesses, the relative ease of access to sources of proof, the availability of service of process to compel the presence of unwilling witnesses, and the cost of obtaining the presence of witnesses, weighs strongly in favor of the

District of Columbia.

The remaining factors do not alter the Court's conclusion that this case should be transferred to the District of Columbia. While the parties each present arguments regarding the public interest of their preferred venue, this factor does not tip the scales significantly for one venue over another. With respect to making the trial of the case easy, expeditious, and inexpensive, the Court finds that the District of Columbia is likely a better venue, because of the location of the parties and the witnesses.

In sum, the Court finds that the aforementioned factors strongly support transfer to the District of Columbia. Accordingly, it is hereby:

**ORDERED AND ADJUDGED** that

1. Defendants' Motion to Dismiss or Transfer for Lack of Personal Jurisdiction over Risen and Houghton Mifflin Harcourt Company, Dismiss Or Transfer For Improper Venue, Transfer Under 28 U.S.C. § 1404(a), Or Dismiss For Failure To State A Claim [ECF No. 52] is **GRANTED in part**.

2. The Clerk is **DIRECTED** to **TRANSFER** this action to the United States District Court for the District of Columbia.

3. The Defendants' motion to dismiss for failure to state a claim [ECF No. 52] remains pending.

DONE AND ORDERED in Chambers at Miami, Florida, this 25 day of January, 2016.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Goodman
All Counsel of Record