IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Dennis L. Montgomery,

        Plaintiff,

v.                                    No. 1:16-cv-00126-RC

James Risen, Houghton Mifflin Harcourt
Publishing Co., et al.

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR PROTECTIVE ORDER**

On the eve of a hearing before the Western District of Washington on Defendants' motion to compel the deposition of Plaintiff's trial witness Istvan Burgyan, Plaintiff Dennis Montgomery moved this court for an order directing that Mr. Burgyan's deposition "not proceed." ECF No. 255. Plantiff's motion was improper and should be denied for the following reasons:

*First*, in violation of the Federal Rules of Civil Procedure, Plaintiff's motion improperly seeks to make an end-run around the court that has authority to enforce the subpoena at issue and issued an order compelling Burgyan's deposition.

*Second*, absent a claim of privilege, Plaintiff lacks standing to move for a protective order to prevent a non-party's deposition.

*Third*, Plaintiff's motion is predicated on the incorrect assertion that Defendants' subpoena and related motion to compel were untimely – claims that the issuing court considered and correctly rejected.

# I. BACKGROUND

Non-party Istvan Burgyan, a resident of Sammamish, in the State of Washington, possesses knowledge and documents related to several issues critical to this litigation, including (1) information regarding the operation and performance of the software that Mr. Montgomery provided to the government, an issue that is central to Plaintiff's libel claim; (2) information about work opportunities, past, present, and future, that he and Montgomery were engaged in, relevant to the issue of damages; (3) information regarding the location of Montgomery's residency, which is relevant to core issues in this litigation, including choice of law, credibility, and calculation of any damages; and (4) information regarding Montgomery's health and physical condition, which would provide material information regarding Plaintiff's claimed injuries. It was thus unsurprising that Plaintiff identified Burgyan, his son-in-law with whom he lives and worked, as a trial witness. *See* Decl. Micah J. Ratner in Supp. Mot. Compel, Ex. E, Witness List of Pl. Dennis Montgomery, Montgomery v. Risen, No. 2:15-cv-01955-JLR (W.D. Wash. Dec. 8, 2015) (attached hereto as Exhibit 2).

On September 18, 2015, Defendants asked Plaintiff's counsel, Larry Klayman, to accept service of the subpoena on Mr. Burgyan's behalf, but Mr. Klayman refused. Ratner Decl. ¶ 7. Thereafter, Defendants attempted to personally serve Burgyan on October 9, 2015, October 22, 2015, and October 23, 2015, but he repeatedly attempted to evade service. *Id.* ¶¶ 8, 11-12. After Defendants' process server personally served Burgyan's wife on October 23, 2015, Defendants received a facsimile cover sheet on November 2, 2015, setting forth cursory objections to the subpoena, stating, in part: "I am objecting to your attempt to subpoena me on the basis of

insufficiency of service of process and relavancy [sic].  Based on these objections, I will not appear."[1]  *Id.* ¶ 14.

On November 4, 2015, Defendants issued a new subpoena to Mr. Burgyan noticing the deposition and date to produce documents for November 19, 2015, the close of discovery.  Ratner Decl. ¶ 16.  Defendants' process server personally served Burgyan with the subpoena and witness fee on November 5, 2015.  *Id.* ¶ 17.  Burgyan faxed a one-page objection on November 16, 2015, three days before his deposition, stating, in part: "I am objecting to your attempt to subpoena me on the basis of insufficiency of service of process and relavancy [sic].  Based on those objections, I will not appear." *Id.* ¶ 18.

Mr. Burgyan refused to comply with both the October 23 and November 5 subpoenas, and objected to each subpoena alleging insufficient service and lack of relevance.  Ratner Decl. ¶¶ 14, 18.  Following Burgyan's refusal to meet and confer with Defendants regarding his objections, *id*. ¶¶ 19-20, Defendants moved to compel his compliance with the subpoenas with the court of compliance, the Western District of Washington.  Mot. Compel, Montgomery v. Risen, No. 2:15-cv-01955-JLR (W.D. Wash. Dec. 8, 2015) (attached hereto as Exhibit 1); Reply in Supp. Mot. Compel, Montgomery v. Risen, No. 2:15-cv-01955-JLR (W.D. Wash. Dec. 24, 2015) (attached hereto as Exhibit 3).  Burgyan did not file an opposition.  Dennis Montgomery, purportedly acting *pro se*, responded in opposition to Defendants' motion.  Resp. Defs.' Mot.

---

[1] On November 4, 2015, Mr. Klayman alleged in the Southern District of Florida, which then had jurisdiction over this litigation, that Defendants had harassed the Burgyans while serving the subpoena.  Klayman asked the court to sanction the Defendants accordingly.  Magistrate Judge Goodman rejected the request – noting that the Burgyans had apparently relied on subterfuge to evade service: "I am not going to issue that request at all because, quite frankly, … it sounds like you client' son-in-law, or perhaps I should say his daughter, was involved in some fairly blatant dramatic efforts to avoid service, to evade service such as adopting a phony French accent and denying that this was, in fact, her house, et cetera." Ratner Decl. Ex. O, Nov. 4, 2015 Hr'g Tr. 32:23-35, 33:1-4.

Compel, *Montgomery v. Risen*, No. 2:15-cv-01955-JLR (W.D. Wash. Dec. 10, 2015) (attached hereto as Exhibit 4).[2]

On February 3, 2016, the Western District of Washington, Judge James Robart presiding, conducted a hearing on Defendants' motion to compel Mr. Burgyan's compliance with the subpoena, at which Burgyan appeared in person, and Mr. Montgomery appeared by phone. Min. Entry, *Montgomery v. Risen*, No. 2:15-cv-01955-JLR (W.D. Wash. Feb. 3, 2016) (attached hereto as Exhibit 5); Mot. Hr'g Tr., *Montgomery v. Risen*, No. 2:15-cv-01955-JLR (W.D. Wash. Feb. 3, 2016) (attached hereto as Exhibit 6). At the hearing, counsel for Defendants notified the court that the night before Montgomery had filed the instant Motion for Protective Order in this Court. *Id.* at 3:8-4:1. Aware of the pendency of this motion, Judge Robart granted Defendants' motion to compel Burgyan's compliance with their subpoena. The court rejected Burgyan's contention that the subpoena was harassing, and determined that the subpoena was served before the November 19, 2015 close of discovery. *Id.* at 8:23-9:19. The court further denied Montgomery's oral motion to certify an interlocutory appeal of the court's decision. *Id*. at 14:6-8. Judge Robart ordered that Burgyan produce the requested documents and appear for deposition within 30 days. *Id*. at 14:1-5. After Burgyan rejected dates earlier in February, Defendants and Burgyan then agreed his deposition would proceed on March 1, 2016.[3]

## II. ARGUMENT

Plaintiff's motion violates the Federal Rules of Civil procedure insofar as Mr. Montgomery seeks to make an end-run around the court that issued, and has authority to enforce, the Defendants' subpoena seeking discovery from Mr. Burgyan, a non-party.

---

[2] Montgomery's lawyer in this action did not appear. *See* Reply in Supp. Mot. Compel n.1.

[3] Notably, Plaintiff's motion for protective order seeks an order of this Court that Mr. Burgyan's deposition not proceed, but does not seek protection from the portion of Defendants' subpoena seeking the production of documents.

4

*First*, Judge Robart correctly concluded that the Western District of Washington was empowered to enforce a subpoena seeking discovery from a non-party witness residing in that district. Hr'g Tr. 12:5-15. The district court for the district where compliance with a subpoena is sought is empowered to enforce such subpoenas. "At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(b)(1). Accordingly, it was proper for the Western District of Washington, and not this Court, to enforce Defendants' properly-served subpoena on Mr. Burgyan. That court has determined that Burgyan must comply with Defendants' subpoena.[4]

*Second*, Mr. Montgomery lacks standing to move for a protective order to prevent a non-party's deposition absent a claim of privilege.[5] Generally, a party has no standing to move to quash a subpoena served upon a non-party except as to privilege claims relating to any documents being sought. *See California Sportfishing Protection Alliance v. Chico Scrap Metal, Inc.*, 299 F.R.D. 638, 643 (E.D. Cal. 2014); *U.S. Bank Nat'l Ass'n v. James*, 264 F.R.D. 17, 18-19 (D. Me. 2010); *Estate of Ungar v. Palestinian Auth.*, 400 F. Supp. 2d 541, 554 (S.D.N.Y. 2005). Thus, prior to a deposition, only the nonparty witness (or a party claiming privilege as to subpoenaed documents) may move to quash or modify the subpoena under Fed. R. Civ. P.

---

[4] Indeed, Magistrate Goodman previously instructed Plaintiff's counsel that, in the case of Plaintiff's subpoenas served on non-parties in New York, any "disputed … objections are properly heard in the Federal District Court in New York and not here [in the Southern District of Florida]," where the underlying action was then pending. Ratner Decl. Ex. O, Nov. 4, 2015 Hr'g Tr. 6:7-11.

[5] In addition to being improper, Plaintiff's counsel did not satisfy the applicable meet and confer requirements before lodging the instant motion. Before moving for a protective order, a party must confer or attempt to confer in good faith with other affected parties in an effort to resolve the dispute without court action. Fed. R. Civ. P. 26(c)(1). *See also* Local R. 7(m). If the motion for protective order is filed, it must be accompanied by a certification that the movant has met its obligation to meet and confer. *Id.* Counsel for Plaintiff failed to satisfy each of these requirements.

45(d)(1), or for a protective order under Fed. R. Civ. P. 26(c) (to prevent annoyance, embarrassment, oppression, undue burden or expense).  And, any such motion regarding the deposition of a non-party – whether to compel compliance with the subpoena or quash the subpoena – are decided by "the court for the district where compliance is required." Fed. R. Civ. P. 45(d)(1), (2)(B)(i), (3)(A) & (B), (g).  In this case, neither Mr. Burgyan nor Montgomery made any such motion, and Burgyan did not file an opposition to the motion to compel.  Instead, Montgomery opposed Defendants' motion to compel compliance with the subpoena, which motion the issuing court ultimately granted.  Plaintiff's motion for protective order seeking to prevent Burgyan's deposition, without asserting any claim of privilege, is thus an attempt at a second bite at the apple, having lost the first, and wholly lacks foundation under the Federal Rules of Civil Procedure.

*Third*, the grounds Plaintiff asserts for obtaining a protective order are unfounded and misrepresent the record.  Plaintiff contends that Mr. Burgyan's deposition should not proceed because discovery closed on November 19, 2015 – but the subpoena at issue was served *before* the discovery cut-off.  It is thus unsurprising that Judge Robart – in the court empowered to enforce the subpoena – confirmed that the subpoena was served before the November 19, 2015 close of discovery and that Burgyan must comply with it.  Feb. 3, 2016 Hr'g Tr. 8:23-9:19.  A court enforcing compliance with a subpoena can interpret another court's discovery schedule. *E.g.*, *WideVoice Commc'ns, Inc. v. Qwest Commc'ns Co., LLC*, No. 2:12-CV-00467-GMN, 2012 WL 1439071, at *2-3 (D. Nev. Apr. 26, 2012).  Indeed, Plaintiff benefited from this rule before the Southern District of New York in proceedings on Plaintiff's motion to compel non-party discovery in that court, where Judge Denise Cote concluded at the outset of a December 1, 2015 hearing on Plaintiff's motion to compel that the pending motion was timely, noting that "plaintiff

is correctly before the Court seeking to enforce discovery requests that were served before the cutoff of discovery," regardless of the fact that the discovery deadline had already elapsed. Hr'g Tr. at 3:6-20, *Montgomery v. Simon & Schuster*, No. 15 Misc. 363 (DLC) (S.D.N.Y. Dec. 1, 2015) (attached hereto as Exhibit 7). For the same reason, the Western District of Washington determined that service of Defendants' subpoena on Burgyan was timely made no later than November 5, 2015, and properly considered and granted Defendants' motion to compel compliance with the subpoena.

And, in any event, the motion to compel was timely even though discovery had closed because Mr. Burgyan – after deliberate delay and repeated attempts to evade service – refused to appear for a deposition scheduled for November 19, 2015, the last day for discovery, having objected only three days earlier. *See, e.g.*, *Armenian Assembly of Am., Inc. v. Cafesjian*, 692 F. Supp. 2d 20, 56 (D.D.C. 2010) (plaintiff's motion to compel production of documents, filed ten days after close of discovery, was nevertheless timely, where plaintiffs did not receive defendants' response to plaintiffs' request for production of documents until day before discovery closed), *aff'd*, 758 F.3d 265 (D.C. Cir. 2014); *Intex Recreation Corp. v. Team Worldwide Corp.*, 471 F. Supp. 2d 11, 15 (D.D.C. 2007) (party timely brought motion to compel production of testimony and documents although fact discovery in matter had closed, privilege logs were not disclosed until end date, and key deposition did not occur until after end date). Where, as here, a witness has deliberately attempted to evade service with the apparent cooperation of Plaintiff and his counsel, up to and including the date discovery closed, Defendants cannot be penalized for moving to compel the non-party's compliance with their subpoena shortly after the close of discovery.

### III.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court expeditiously deny Plaintiff's Motion for Protective Order.

Dated:    February 19, 2016

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By:   /s/ Laura R. Handman
Laura R. Handman (Bar No. 444386)
Lisa B. Zycherman (Bar No. 495277)
1919 Pennsylvania Avenue, NW, Suite 800
Washington, DC 20006
Telephone: (202) 973-4200
Facsimile: (202) 973-4499
laurahandman@dwt.com
lisazycherman@dwt.com
*Counsel for Defendants*