IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

------------------------------------- x

Dennis L. Montgomery,

        Plaintiff,

v.                                                                                     No. 1:16-cv-00126-RC

James Risen, Houghton Mifflin Harcourt
Publishing Co., et al.

        Defendants.

------------------------------------- x

## SUPPLEMENTAL DECLARATION OF LAURA R. HANDMAN

I, Laura R. Handman, declare:

1.     I am a partner at Davis Wright Tremaine LLP and represent Defendants James Risen, Houghton Mifflin Harcourt Publishing Company, and Houghton Mifflin Harcourt Company, improperly sued as HMH Holdings, Inc., (collectively, Defendants) in this action. I make this declaration in support of Defendants' Motion for Summary Judgment and Motion for Sanctions. I make the following statements based on my own personal knowledge, and if called as a witness, I could and would testify competently to these facts under oath.

2.     Attached as Exhibit 1 is a true and correct copy of the United States Air Force's *Touhy* response to Defendants' two subpoenas in this case.

Under 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 22, 2016 in Washington, D.C.

                                                                           Laura R. Handman

# EXHIBIT 1



**U.S. Department of Justice**
Civil Division, Federal Programs Branch

| | |
|---|---|
| *Via U.S. Mail*: | *Via Courier*: |
| P.O. Box 883 | 20 Massachusetts Avenue NW |
| Washington, DC 20044 | Washington, DC 20530 |

Raphael O. Gomez
Senior Trial Counsel

Telephone: (202) 514-1318
Fax: (202) 616-8460
Email: raphael.gomez@usdoj.gov

March 10, 2016

*Via First Class & Electronic Mail:*

laurahandman@dwt.com

Laura R. Handman, Esq.
Davis Wright Tremaine LLP
1919 Pennsylvania Avenue NW, Suite 800
Washington, DC 20006-3401

  Re: *Montgomery v. Risen, et al.*, No. 16-126 (D.D.C.)

Dear Ms. Handman:

  As we previously discussed, please find enclosed the United States Air Force's *Touhy* response to defendants' two subpoenas.

         Sincerely,

         */s/ Raphael O. Gomez*

         Raphael O. Gomez
         Senior Trial Counsel
         United States Department of Justice
         Civil Division, Federal Programs Branch

Enclosure: Letter from Robert F. Booth, Colonel, USAF



**DEPARTMENT OF THE AIR FORCE**
HEADQUARTERS AIR FORCE LEGAL OPERATIONS AGENCY

10 March 2016

AFLOA/JACL
1500 West Perimeter Road, Suite 1370
Joint Base Andrews, MD 20762

Laura Handman, Esq.
Davis Wright Tremaine LLP
1919 Pennsylvania Avenue, NW
Washington, DC 20006

Dear Ms. Handman

    We are in receipt of your November 3, 2015 subpoena for production of certain documents from the United States Air Force ("Air Force") and your November 3, 2015 subpoena for the testimony of Paul L. Haraldsen, a former Air Force employee. It is the Air Force's understanding that Mr. Haraldsen has not been personally served. We are also in receipt of the November 3, 2015 declaration of attorney Micah J. Ratner offered pursuant to 32 C.F.R. Part 97, the *Touhy* Regulation applicable to the Air Force, to support the two subpoenas. We have made the following determinations with respect to your requests.

    First, the Air Force conducted a search of its records, including records of former Air Force employee Paul Haraldsen, and did not locate a "copy of Montgomery's software, including but not limited to video compression software, object detection or recognition software, facial recognition software, or noise filtering software that Montgomery allegedly used in Air Force contracts." Ratner Declaration at ¶ 13b.

    Second, with respect to the document subpoena, you seek "[a]ny documents in which the Air Force questioned the utility of Montgomery's software, found that the software did not work, or found that the software did not exist" as well as "[a] copy of the 'Government[']s . . . own independent tests of Plaintiff Montgomery's software' that 'confirmed its effectiveness and reliability'" as alleged in paragraph 48 of Montgomery's Amended Complaint. *Id.* at ¶¶ 13a and 13c. The Air Force located records relating to its efforts to validate Montgomery's software in early 2009 pursuant to a contract with Blxware. While the Air Force attempted to conduct a validation of Montgomery's software, it was not able to execute that validation because Blxware failed to provide a copy of the software. These records are classified or otherwise subject to privilege and currently undergoing a review to determine if any portion of them can be disclosed to document that Blxware did not provide a copy of the software pursuant to the contract.

    Based upon an agreement reached by U.S. Department of Justice counsel Raphael Gomez, who represents the Air Force with respect to these subpoenas, and yourself this is to confirm that other than the documents identified above, the Air Force will conduct no further

review of documents subject to the two Air Force subpoenas. Furthermore, we are deferring a determination as to the request for the deposition testimony of Mr. Paul L. Haraldsen, a former Air Force employee until the court rules on the defendants' motions to dismiss, for summary judgment, and for sanctions against Mr. Montgomery and until Mr. Haraldsen is personally served. Unlike the Haraldsen subpoena, the Air Force subpoena does not specifically identify a declarant; rather it lists as the following with respect to a declarant: U.S. Department of the Air Force, c/o Secretary of the Air Force, the Pentagon, Arlington, VA. The Ratner declaration lists Mr. Joseph Liberatore, also a former Air Force employee, whom Defendants seek to depose. However, Defendants have not provided the Air Force with a copy of a subpoena for Mr. Liberatore and the Air Force is not aware that Mr. Liberatore has been personally served with a subpoena. In any event, we are also deferring a determination as to the request for the deposition testimony for the same reasons as set forth as to Mr. Haraldsen above.

If you have any questions regarding this response, my point of contact is Mr. John Pellett. Mr. Pellett or I can be reached at 240-612-4700 or through Mr. Gomez.

Sincerely,

ROBERT F. BOOTH, Colonel, USAF
Chief, General Litigation Division

cc:
Raphael Gomez, U.S. Department of Justice